UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>CARMEN OSUNA, et al.,<br><br>    Defendants. | Case No: C 10-02643 SBA<br><br>**ORDER REMANDING ACTION** |

   Plaintiff Aurora Loan Services, LLC filed the instant unlawful detainer action against Defendants Carmen Osuna, Rolo Lopez, and Mario Lopez in Contra Costa County Superior Court on or about November 19, 2009.  The complaint seeks to evict the defendants from certain residential property and to recover damages in the amount of $40 per day, accruing from November 9, 2009.  On June 16, 2010, defendant Carmen Osuna filed a pro se notice of removal on the basis of diversity jurisdiction, along with a request to proceed in forma pauperis (IFP).

   Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  Original jurisdiction exists in cases of complete diversity where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332; Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

   The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999).  In the case

1  of a removed action, a district court must remand the case to state court "if at any time before the
2  final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C.
3  § 1447(c); <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir.1992).  "The presumption against
4  removal means that the defendant always has the burden of establishing that removal is proper."
5  <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009).  "[R]emoval statutes
6  are strictly construed against removal."  <u>Luther v. Countrywide Home Loans Servicing, LP</u>, 533
7  F.3d 1031, 1034 (9th Cir. 2008).  As such, any doubts regarding the propriety of the removal favor
8  remanding the case.  <u>See</u> <u>Gaus</u>, 980 F.2d at 566.

9      Here, the notice of removal alleges that the parties are diverse, but it does not allege that the
10  amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332.  In reviewing the
11  complaint, it is readily apparent that this case does not satisfy the jurisdictional minimum for
12  diversity jurisdiction cases.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 690 (9th Cir.
13  2006) (noting that the district court may review the complaint to determine whether it is "facially
14  apparent" that the jurisdictional amount is in controversy).  Plaintiff's action is for unlawful
15  detainer.  The complaint was filed as a limited civil action, meaning that the amount in controversy
16  is less than $25,000.  In addition, the amount of damages sought in the complaint is $40 per day,
17  accruing since November 9, 2009.  Thus, at the time of removal, less than $9,000 in damages was
18  at stake.  Based on the record presented, it is facially apparent that this case does not meet the
19  minimum amount in controversy to satisfy the requirements of 28 U.S.C. § 1332.  Accordingly,

20      IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Contra Costa
21  County Superior Court.  Defendant Carmen Osuna's IFP application is DENIED as moot.  The
22  Clerk shall close this file and terminate all pending matters.

23      IT IS SO ORDERED.

24  Dated:  August 24, 2010

                                               _____
25                                                 SAUNDRA BROWN ARMSTRONG
                                               United States District Judge
26
27
28

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AURORA LOAN SERVICES,

      Plaintiff,

  v.

CARMEN OSUNA et al,

      Defendant.
                                        /

Case Number: CV10-02643 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Carmen Osuna
3470 Gregory Drive
Pittsburg, CA 94565

Dated: August 24, 2010
                                          Richard W. Wieking, Clerk

                                          By: LISA R CLARK, Deputy Clerk